BOB RICHARDSON v. THE STATE.

CONVICT.—One convicted of a felony may at the same term be afterwards tried for a separate offense.

APPEAL from Red River. Tried below before the Hon. John C. Easton.

*Charles E. Todd,* for appellant.

*A. J. Peeler, Assistant Attorney General,* cited 1 Bish. Cr. L., sec. 953; Note 5, p. 1140, 1 Bish. Cr. Pr.

DEVINE, ASSOCIATE JUSTICE.—The defendant was jointly indicted with one Bob Donoho, charged with having broken and entered into the storehouse of Fred Neagles, in the town of Clarksville, on the night of the 10th of May, 1874, with intent to commit a theft, and with having stolen from the storehouse of "Neagles" a quantity of "sardines" and bacon, without the consent and with the intent, &c., to deprive the owner of the same. The parties having severed in the trial, appellant was convicted.

It is not necessary to notice all the assignments of error on exceptions taken by appellant in the court below. The bill of exceptions, taken after the trial had commenced, to the placing defendant on trial "because he has been convicted of a felony on the same day previously by a court of competent jurisdiction, to wit, this court—the District Court of Red River county—and by said conviction was rendered civilly dead, and could not be tried by his peers," seems to consider that the defendant should not be tried by a jury of citizens, as it in substance intimates that he was the equal of those only who were civilly dead. We see no reason why a person convicted of a felony or a misdemeanor may not at the same term of the court be tried and convicted of separate offenses. The second exception taken is that the witness, Mrs. Neagles, was permitted, over the objections of defendant, to testify what she knew about the burglary committed in her husband's house. She testified that "when Bob Donoho broke open the house she saw somebody standing at the corner whom she took to be Bob Richardson, but was not certain," and was therefore asked to state all about the burglary—defendant objecting to her statements "because the State had not

shown any connection or conspiracy between the prisoner and Donoho, and because it was irrelevant." We have no statement of facts in the transcript. A paper stated to be a statement of facts appears, signed by the counsel. It is without the approval or signature of the judge presiding, and cannot be considered; and there is consequently nothing to show how far defendant may have been injured, if any, by the action of the court.

The refusal to permit the witness Brown to state what he found on the person of Donoho eight months after the robbery is not perceived to be erroneous. The want of the statement of facts, however, prevents our seeing the full force of the exception if indeed there be any force in it. We find no error in the charge of the court, and the absence of a statement of facts precludes our consideration of the assignment, that the verdict is contrary to the law and the evidence.

The judgment of the District Court is affirmed.

AFFIRMED.